UNITED STATES of America, Appellee,

v.

David ROACH, Appellant.

No. 96–3119.

United States Court of Appeals,
District of Columbia Circuit.

Feb. 19, 1998.

Before EDWARDS, Chief Judge, WALD and TATEL, Circuit Judges.

*ORDER*

PER CURIAM.

On April 1, 1997, this court issued an opinion upholding the conviction of appellant David Roach under 18 U.S.C. § 401(3) (1994). *United States v. Roach*, 108 F.3d 1477 (D.C.Cir.), *cert. denied*, —— U.S. ——, 118 S.Ct. 446, 139 L.Ed.2d 382 (1997). In the opinion, we rejected Roach's argument that he was denied a jury trial in violation of the Sixth Amendment. *Id.* at 1484. On December 19, 1997, in a case involving another employee of the Department of Corrections, Dr. Anthony Rapone, who was also convicted of criminal contempt under 18 U.S.C. § 401(3), another panel of this court held that the defendant was entitled to a jury trial under 42 U.S.C. § 2000h (1994) ("In any proceeding for criminal contempt arising under title II, III, IV, V, VI, or VII of [the Civil Rights Act of 1964], the accused, upon demand therefor, shall be entitled to a trial by jury, which shall conform as near as may be to the practice in criminal cases."). *United States v. Rapone*, 131 F.3d 188, 195–97 (D.C.Cir.1997).

Although Roach did not argue before us that he had a statutory right to a jury trial, we believe that in light of this court's decision in *Rapone*, Roach should receive a jury trial under 42 U.S.C. § 2000(h). Because we would not have reached the issue had we originally granted Roach a jury trial under this statute, we vacate the portion of our previous decision in *Roach* dealing with Roach's constitutional right to a jury trial. *Roach*, 108 F.3d at 1484. We also vacate those portions of the opinion addressing the sufficiency of the evidence against *Roach*, *id.* at 1481–82, and Roach's sentencing, *id.* at 1484–95. All other portions of the opinion shall remain unaffected by this order.