**W.L. MENG, et al., Plaintiffs,**

v.

**Bernard L. SCHWARTZ, et al., Defendants.**

**No. Civ. 98–2859(RCL).**

United States District Court, District of Columbia.

May 25, 2000.

John C. Keeney, Jr., Ty Cobb, Hogan & Hartson, LLP, Washington, DC, for Plaintiffs.

Larry E. Klayman, Judicial Watch, Inc., Washington, DC, for Defendants.

*MEMORANDUM AND ORDER*

LAMBERTH, District Judge.

This matter comes before the court on Defendant John Huang's Motion to Recuse pursuant to 28 U.S.C. § 455(a). Huang contends that the impartiality of this court might reasonably be questioned in light of credibility findings issued by this court regarding Huang's testimony as a non-party witness in another matter pending before the court. *See Judicial Watch v. United States Dep't of Commerce,* 34 F.Supp.2d 28, 33 (D.D.C.1998). Upon consideration of defendant's motion, the opposition thereto, the applicable law, and for the reasons set forth below, the court hereby DENIES defendant's motion to recuse.

**I. BACKGROUND**

In this shareholder derivative action brought pursuant to Rule 23 .1 of the Federal Rules of Civil Procedure, plaintiffs seek recovery by and on behalf of Loral

Space and Communications, Ltd., for damages caused by an alleged RICO conspiracy to sell certain government services in exchange for political campaign contributions. *See* Amended Complaint at ¶¶ 46–70. John Huang, the former Deputy Assistant Secretary for International Economic Policy at the Department of Commerce and former Vice Chairman of the Democratic National Committee ("DNC"), is named as a codefendant in this action for his alleged participation in the planning and implementation of the "illegal sale" of seats on Commerce Department foreign trade missions in exchange for political contributions. *See id.*

In addition to being named as a defendant in the instant case, Huang has testified as a non-party witness in a Freedom of Information Act ("FOIA") case currently pending before the court. *See Judicial Watch v. United States Dep't of Justice,* Civ. No. 95–133 (D.D.C.). As noted above, this court's findings concerning the credibility of Huang's testimony in the Commerce FOIA action form the basis for defendant's present motion. *Judicial Watch,* 34 F.Supp.2d at 33.

## II. DISCUSSION

 Section 455(a) of Title 28 of the United States Code provides that a federal judge shall "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Whether there is any basis for questioning a judge's impartiality is to be determined by an objective standard. *United States v. Heldt,* 668 F.2d 1238, 1271 (D.C.Cir.1981); *United States v. Fiat Motors of North Am.,* 512 F.Supp. 247, 250 (D.D.C.1981). That is, recusal is required where the court determines that "an informed observer would reasonably question the judge's impartiality." *United States v. Barry,* 961 F.2d 260, 263 (D.C.Cir.1992). Thus, to sustain its burden and compel recusal, the moving party must demonstrate the court's reliance on an "extrajudicial source" that creates an appearance of partiality or, in rare cases, where no extrajudicial source is involved,

the movant must show a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky,* 510 U.S. at 555, 114 S.Ct. 1147.·

 Judges are presumed to be impartial. *United States v. Fiat Motors,* 512 F.Supp. at 251. Accordingly, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States,* 510 U.S. 540, 555, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994) (citations omitted). To the contrary, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, *or of prior proceedings,* do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make a fair judgment impossible." *Id.* (emphasis added). Indeed, the Supreme Court has observed that "[t]he judge who presides at a trial may, upon completion of the evidence, be exceedingly ill disposed towards the defendant ... [b]ut the judge is not thereby recusable for bias or prejudice since his knowledge and the opinion it produced were properly and necessarily acquired in the course of the proceedings." *Id.* at 550–51, 114 S.Ct. 1147. Moreover, "the objective appearance of an adverse disposition attributable to information acquired in a prior trial is not an objective appearance of personal bias or prejudice, and hence, not an objective appearance of improper partiality." *Id.* at 553 n. 2, 114 S.Ct. 1147.

 Huang maintains that the court's comments regarding the credibility of Huang's testimony in *Judicial Watch v. United States Department of Commerce* would lead a reasonable person to harbor doubts about the court's impartiality. *See Judicial Watch,* 34 F.Supp.2d at 33 (describing Huang's testimony as "questionable" and "not credible"). Huang further contends that, despite the fact that the court granted Huang's motion to reconsider the opinion containing these statements, the court in the subsequent opinion only "exacerbated" its prior credibility findings by referencing Huang's "now well-estab-

lished participation in improper campaign finance activities," and its refusal to "substantially revise its December credibility findings." *Judicial Watch v. United States Dep't of Justice,* Civ. No. 95–133, Memorandum Opinion, at 2–4 (D.D.C. April 9, 1999). Specifically, Huang maintains that the court improperly relied on newspaper articles filed by plaintiff's counsel in *Judicial Watch* and that these articles overstated Huang's "then-known involvement in any wrongdoing." Reply to Plaintiff's Opposition to John Huang's Motion to Recuse, at 4 (Filed December 29, 1998). Alternatively, defendant relies on *United States v. Barrett* for the proposition that "recusal might be prudent when a perjury bench trial involves testimony from a proceeding over which the same judge presided, section 455(a) does not require it." *United States v. Barrett,* 111 F.3d 947, 951 (D.C.Cir.1997).

The court begins by noting that defendant's reliance on *Barrett* is misguided, as that case is inapposite. Notwithstanding the fact that the present action is not a perjury bench trial, the statement in *Barrett* upon which defendant relies upon is *obiter dicta,* as the Court of Appeals did not reach the merits of the recusal question. Rather, the Court of Appeals in *Barrett* held that the defendant had waived his right to request recusal by not raising the issue below. *Id.* at 951. Further undercutting defendant's assertions regarding *Barrett* is that, by its terms, the case reinforces the fact that the statute, Section 455(a), does not require recusal where a subsequent proceeding involves testimony from a prior case. *Id.*

Turning to whether the threshold for recusal under Section 455(a) has been met, the court finds that defendant has failed to demonstrate the appearance of partiality through an "extrajudicial source" of bias or a "deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky,* 510 U.S. at 555, 114 S.Ct. 1147. To begin with, defendant offers nothing more than mere speculation that "some portion of this court's statements concerning Huang [in *Judicial Watch* ]

was based on an extra-judicial source." *See* Reply to Plaintiff's Opposition to John Huang's Motion to Recuse, at 4 (Filed December 29, 1998). Moreover, defendant ignores the fact that the news articles he wishes to call "extrajudicial" sources were presented to the court as exhibits to various pleadings filed by the plaintiff in the course of the FOIA litigation.

Likewise, Huang's assertion that the credibility findings made by this court in *Judicial Watch* have created the appearance of a "deep-rooted favoritism or antagonism" also lacks merit. *See Liteky,* 510 U.S. at 551, 114 S.Ct. 1147 (stating that "opinions held by judges as a result of what they learned in earlier proceedings" are "not subject to deprecatory characterization as 'bias' or 'prejudice' "). While the Court of Appeals for the District of Columbia Circuit has stated that there is no blanket rule whereby "a judge's activities during the course of judicial proceedings can never reflect a disqualifying state of mind," *United States v. Haldeman,* 559 F.2d 31, 33 (D.C.Cir.1976), where no extrajudicial source is involved, "only in the rarest circumstances" can judicial rulings "evidence the degree of favoritism or antagonism" required by Section 455(a). *Liteky,* 510 U.S. at 554, 114 S.Ct. 1147. The present case is not such a rare case. To the contrary, the findings defendant takes issue with fall far short of demonstrating a "pervasive bias" by the court against Huang. *Id.* at 551, 114 S.Ct. 1147. Though perhaps worded in strong terms, the views expressed by this court in its opinion as to the credibility of Huang's testimony in *Judicial Watch* were based on the record before the court. *United States v. Roach,* 108 F.3d 1477, 1483 (D.C.Cir.1997), *modified on other grounds,* 136 F.3d 794 (D.C.Cir.1998) (affirming district court's denial of motion to recuse). Specifically, in finding that "little of [Huang's] deposition testimony is particularly credible," the court noted that such a finding was warranted in light of evidence brought forward in subsequent discovery. *See Judicial Watch,* 34 F.Supp.2d at 33–34 (noting, *inter alia,* that Huang had given

contradictory testimony and that his correspondence released by the DNC refuted Huang's version of his role at the Department of Commerce). Accordingly, because the court's findings regarding Huang's testimony in *Judicial Watch* were based on evidence presented to the court in the course of the litigation, defendant's motion to recuse must be denied, as "strongly stated judicial views rooted in the record should not be confused with judicial bias." *United States v. Roach*, 108 F.3d at 1483.

## III. CONCLUSION

For the reasons set forth above, it is hereby

ORDERED that defendant John Huang's Motion to Recuse is DENIED.

SO ORDERED.